IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01220-RMR-MEH

ENRIQUE PARRA, JR.,

    Plaintiff,

v.

ROBERT JACKSON,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Enrique Parra, Jr. asserts claims against Defendant Robert Jackson pursuant to 42 U.S.C. § 1983 for alleged violations of the Fifth and Fourteenth Amendments. Defendant filed the present Motion to Dismiss ("Motion"), seeking dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994) and asserting an entitlement to qualified immunity. ECF 35. District Judge Regina M. Rodriguez referred the Motion to this Court for a recommendation. ECF 36. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in adjudicating the Motion. For following reasons, the Court respectfully recommends that the Motion be granted.

## BACKGROUND

    The following are the relevant, factual allegations made by Plaintiff in the operative pleading, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff is a convicted and sentenced state prisoner. ECF 10 at 2. Defendant, the Alamosa County Sheriff, is being sued in his individual capacity. *Id.* Plaintiff alleges that Defendant

harassed and retaliated against him on three separate occasions (January 24, 2020, September 13, 2020, and March 25, 2021) by denying him the opportunity to "transition back into the community" despite meeting "all eligibilities." *Id.* at 4. These denials deprived Plaintiff of life, liberty, or property without due process of law. *Id.* Plaintiff implies that Defendant's actions occurred because he knew Plaintiff had been "or would have been called to testify as a witness or victim in 1:18-cv-00866-WJM-NRN . . ." *Id.* That case involved claims of sexual harassment and assault against defendant Keith Stambaugh and was eventually settled. *Id.* at 7. Plaintiff emphasizes that he "is not asserting that there is a constitutional right of a convicted person to be released before the expiration of a valid sentence." *Id.* at 4.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In tis context, plausibility means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

2

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*,

3

425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Defendant argues that dismissal is appropriate because: (1) Plaintiff's claims are barred by *Heck*; (2) Defendant is entitled to qualified immunity: and (3) Plaintiff has failed to sufficiently allege an official capacity claim. ECF 35. Plaintiff disagrees, contending that he has plausibly pleaded his claim and that future discovery will help confirm his claims. ECF 39. For reasons that will be explained, the Court agrees that Plaintiff's claims are barred by *Heck*. Accordingly, the Court will not reach the merits of Defendant's alternative grounds for dismissal.

**I.**  ***Heck v. Humphrey***

Generally speaking, *Heck* applies if prevailing on a Section 1983 claim would imply the invalidity of an underlying criminal conviction. *See Mehdipour v. Denwalt-Hammond*, 773 F.App'x 463, 466 (10th Cir. 2019). For that to be the case, there must be a criminal conviction that is "tied to the conduct alleged in the § 1983 action." *Lucas v. Bd. of Cty. Comm'rs*, No. 19-cv-

1251-WJM-SKC, 2020 WL 5642321, at *7 (D. Colo. 2020) (citing *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007)). Underlying *Heck* are "pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough v. Smith*, 139 S.Ct. 2149, 2157 (2019).

The Court finds *Holloman v. Zavaras*, No. 07-cv-02133-BNB, 2008 WL 2572152 (D. Colo. June 25, 2008) instructive. In that case, the pro se prisoner alleged that "he was unlawfully regressed from community corrections when Defendants rejected his placement in the Correctional Management's Dahlia Program after he had been accepted into the program." *Id.* at *1. The prisoner asserted that this action was in retaliation for him being found not guilty in a disciplinary proceeding and violated his due process rights. *Id.* The court held, citing *Heck*, that the prisoner "may not recover damages for the alleged denial of due process in his regression from community corrections to prison and for the alleged act of retaliation." *Id.* In doing so, the court cited to *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) for the proposition that *Heck* applies to "proceedings that call into question the fact or duration of parole or probation." *Id.* The court reasoned that the prisoner's "claim challenging his regression from community corrections is analogous to a claim challenging the revocation of parole or probation." *Id.*

Here, like the plaintiff in *Hollman*, Plaintiff seeks monetary relief from the alleged retaliation and violation of his due process rights. These alleged violations stem from the fact that Plaintiff has been denied the ability to transition back into the community on three occasions despite otherwise meeting the requisite criteria. Despite Plaintiff's protestations in his Amended Complaint to the contrary,[1] his claims are based on the fact and/or length of his custody. In other

---

[1] The Court notes that Plaintiff does not specifically address or rebut Defendant's *Heck* arguments in his response.

words, Plaintiff's Section 1983 action is tied to his conviction. Consistent with other case law from this circuit, Plaintiff's claims are thus barred by *Heck*. *Chasteen v. Black*, No. 14-cv-02235-BNB, 2014 WL 5448702, at *2 (D. Colo. Oct. 27, 2014) (applying *Heck* to bar inmate's claims for denial of due process on allegations that his removal from community corrections had been invalidated); *Wallin v. Achen*, No. 10-cv-01317-BNB, 2011 WL 31107, at *6 (D. Colo. Jan. 5, 2011) (dismissing prisoner's claims, in part, based on *Heck* in which prisoner had not established that his sentence had been invalidated); *Richardson v. Steffa*, No. 95-1447, 1997 WL 10964, at *3 (10th Cir. 1997) (unpublished) (holding that because "Plaintiff's civil rights claims necessarily implicate the legality of his rejection from community corrections and subsequent incarceration . . . he must first obtain appropriate relief invalidating his rejection and incarceration in a state or federal habeas corpus proceeding."). The Court respectfully recommends granting Defendant's Motion.

## II.     Dismissal Without Prejudice

When *Heck* bars a claim, that claim should be dismissed without prejudice. *Fottler v. U.S.*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice."); *see also Richardson*, 1997 WL 10964, at *3 ("[P]laintiff's civil rights claims should be dismissed without prejudice to allow plaintiff to first obtain the relief requested by *Heck*."). Accordingly, Plaintiff's claims against Defendant should be dismissed without prejudice.

## CONCLUSION

Accordingly, the Court respectfully recommends **granting** Defendant's Motion [<u>filed November 9, 2021; ECF 35</u>] and dismissing Plaintiff's claims without prejudice.[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

Respectfully submitted this 25th day of January, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).